■ In the Matter of FRANK J. CISLER, Petitioner, v ARTHUR LEVITT, as Comptroller of the State of New York and Administrative Head of New York State Policemen's and Firemen's Retirement System, Respondent.— Proceeding pursuant to CPLR article 78 (transferred to this court by order of the Supreme Court at Special Term, entered in Albany County) to review a determination of the New York State Policemen's and Firemen's Retirement Fund which denied petitioner's application for accidental disability retirement pursuant to section 363 of the Retirement and Social Security Law. Petitioner injured his back as the result of an automobile accident on December 11, 1966 while in the course of his duties as a policeman with the Suffolk County Police Department. He continued to experience lower back and leg pain after he returned to work and received various treatments therefor. He stopped working in January of 1971 and filed the instant application for accidental disability retirement benefits in February of 1972. After a hearing, respondent denied the application and determined that petitioner was not entitled to benefits on the ground that his injuries had not rendered him incapacitated for the performance of his duties. In this proceeding petitioner contends that respondent's determination was not based upon substantial evidence, but our review of the record in its entirety leads us to a contrary conclusion. Although a physician testifying on petitioner's behalf found him to be incapacitated based upon an examination which disclosed cervical sprain and a herniated disc, his opinion was flatly contradicted by a physician who testified for respondent and discovered no objective data that petitioner's accident produced any disabling condition which would preclude his return to work. It should be noted that petitioner apparently declined to undergo a diagnostic myelogram which might have confirmed the existence of a herniated disc. This conflicting medical testimony presented nothing more than a factual issue and respondent's determination thereof should not be disturbed (cf. *Matter of Cunningham v Levitt,* 40 AD2d 915). Determination confirmed, and petition dismissed, without costs. Sweeney, J. P., Kane, Koreman, Larkin and Reynolds, JJ., concur.