■ In the Matter of GEORGE NOSWORTHY, Petitioner, v ARTHUR LEVITT, as Comptroller of the State of New York and Administrative Head of New York State Policemen's and Firemen's Retirement System, Respondent.— Proceeding pursuant to CPLR article 78 (transferred to this court by order of the Supreme Court at Special Term, entered in Albany County) to review a determination of the Comptroller, which disapproved petitioner's application for accidental disability retirement benefits pursuant to section 363 of the Retirement and Social Security Law. On May 5, 1972 petitioner, an employee of the Nassau County Police Department and a member of the New York State Policemen's and Firemen's Retirement System, applied for an accidental disability retirement allowance. He alleged that his disability resulted from an accident which occurred some six years earlier when his back struck an elevator door, while he was carrying an aided person on a stretcher, and he sustained "injury to the lumbosacral region" of his back "with possible disc injury". This proceeding is brought to review the final determination of respondent made April 4, 1974 following hearings disapproving petitioner's application on the ground that petitioner was not incapacitated from the performance of the duties of a patrolman in the Nassau County Police Department. The question presented is whether there is substantial medical testimony in this record to support respondent's determination. Respondent's conclusion is based upon the testimony of a doctor who performed a neurologic and psychiatric examination of petitioner on September 12, 1972, at the request of the retirement system, after first reviewing petitioner's medical records. After performing extensive tests on petitioner, the doctor concluded that petitioner was not at all disabled, that he did not have a herniated disc and that petitioner was "fully qualified to resume his duties as a police officer". Petitioner submitted expert medical testimony to the contrary. The police surgeon for the Nassau County Police Department testified that when he saw petitioner after the April 4, 1966 accident, his diagnosis was that "this might be an early herniated spinal disc" and referred him to an orthopedist. He opined that because of the injury petitioner could no longer perform the duties of a police officer and that the disc problem was causally related to the April 4, 1966 accident. This conclusion was buttressed by the testimony of another medical witness who submitted, however, that he would not "go so far" as to state that petitioner was permanently disabled and admitted that he had not made a physical examination of petitioner. On this record it is clear that there is substantial medical evidence to support the respondent-Comptroller's determination that the petitioner is not incapacitated and his decision should not be disturbed (*Matter of Croshier v Levitt*, 5 NY2d 259; *Matter of Cunningham v Levitt*, 40 AD2d 915). Determination confirmed, and petition dismissed, without costs. Sweeney, J. P., Kane, Koreman, Main and Larkin, JJ., concur.