■ In the Matter of LAWRENCE FIELD, Petitioner, v EDWARD V. REGAN, as Comptroller of the State of New York, et al., Respondents. — Proceeding pursuant to CPLR article 78 (transferred to this court by order of the Supreme Court at Special Term, entered in Albany County) to review a determination of the State Comptroller which denied petitioner's application for ordinary disability retirement. Petitioner was employed as a senior recreation therapist at Queens Children's Psychiatric Center at the time he filed an application for ordinary disability retirement benefits in March of 1978. Petitioner's application indicated that he was unable to perform his duties as a result of a knee injury sustained in 1976. Following a hearing, petitioner's application was denied on the ground that he was not permanently disabled for the performance of his duties as a senior recreation therapist. This transferred CPLR article 78 proceeding seeking to annul the State Comptroller's final determination denying the application ensued. The sole issue raised in this proceeding is whether there is substantial evidence in the record to support the Comptroller's decision that petitioner is not permanently disabled from performing the duties of a senior recreation therapist. In our view there is. The retirement system's medical witness found no problem with petitioner's mobility and felt that his only limitation was to avoid active participation in contact sports. The Comptroller, in addition to crediting this medical testimony, rejected petitioner's argument that the duties of a senior recreation therapist required his actual participation in the games played by patients. Instead, the Comptroller used the official job description of a senior recreation therapist to conclude that the position was supervisory and administrative in nature and did not require the active participation in contact sports. Since the Comptroller's interpretation of the duties of a senior recreation therapist is reasonable and his finding that petitioner is capable of performing these duties is supported by substantial evidence, the determination denying petitioner's ordinary disability retirement application must be upheld. Determination confirmed, and petition dismissed, without costs. Mahoney, P. J., Kane, Casey, Weiss and Levine, JJ., concur.