In the Matter of EDWARD SMITH, Petitioner, v NEW YORK STATE EMPLOYEES' RETIREMENT SYSTEM et al., Respondents. — Proceeding pursuant to CPLR article 78 (transferred to this court by order of the Supreme Court at Special Term, entered in Albany County) to review a determination of the State Comptroller which denied petitioner's application for ordinary disability retirement. Petitioner was employed as a correctional center maintenance supervisor with the Nassau County Sheriff's Department. In 1977 he filed an application for ordinary disability retirement pursuant to section 62 of the Retirement and Social Security Law. In his petition he contended that he was permanently disabled due to a condition described as "Discogenic Disease". Thereafter, he filed a supplemental amendment to his application so as to .include as causes for his disability esophagus stricture and a fracture of his right shoulder. The "supplemental amendment" was filed some three months after petitioner had resigned from his employment. After a hearing, respon-

dent rejected the claim of the broken shoulder as untimely and as to the original application found in substance that the greater percentage of petitioner's work is supervisory and his serious disability involving esophagus stricture does not incapacitate him from performing his duties. Concerning the original application, the record reveals that petitioner agreed with the description of his duties as contained in the job description but contended he did perform other duties. The record further reveals that all the medical experts agreed that, despite the serious disability, petitioner was in no way incapacitated from the performance of his duties insofar as those duties were administrative. The retirement system's medical expert testified that he did not find claimant disabled to such an extent that he is unable to perform the duties of his occupation. Considering the record in its entirety, we are of the opinion that there is substantial evidence to support respondent's determination on this issue and it should be upheld (*Matter of Field v Regan,* 90 AD2d 580). We also reject petitioner's contention that respondent improperly eliminated the shoulder injury from the claim. Clearly this claim was untimely since it was filed some three months after petitioner retired from service (Retirement and Social Security Law, § 62, subd aa, par 2; *Matter of Hauser v New York State Comptroller,* 83 AD2d 649). Determination confirmed, and petition dismissed, without costs. Mahoney, P. J., Sweeney, Kane, Casey and Levine, JJ., concur.