■ In the Matter of GEORGE H. THOMPSON, Petitioner, v EDWARD V. REGAN, as Comptroller of the State of New York, Respondent. — Proceeding pursuant to CPLR article 78 (transferred to this court by order of the Supreme Court at Special Term, entered in Albany County) to review a determination of the State Comptroller which denied petitioner's application for ordinary and accidental disability retirement. Petitioner, a member of the New York State

Policemen's and Firemen's Retirement System, filed an application for ordinary disability retirement and a second application for accidental disability retirement claiming to be permanently disabled from the performance of his duties as a police officer due to a shoulder injury sustained October 9, 1975. Respondent disapproved each application on the ground petitioner was not so incapacitated and the sole issue in this proceeding is whether the determination is supported by substantial evidence. Petitioner's claim consists of inability to use his left arm to full capacity and difficulty firing a pistol and using handcuffs. Petitioner qualified in pistol use with his right hand without objection from his supervisor and continued to work a 40-hour week until retirement. The medical evidence from both petitioner's and respondent's experts demonstrated no disabling conditions and that he was able to perform normal police duties. The Comptroller is vested with exclusive authority to determine applications for benefits, and when his decision, as here, is supported by substantial evidence, it must be upheld (*Matter of Berbenich v Regan,* 81 AD2d 732, affd 54 NY2d 792). The conflict in medical testimony, if any, was for the Comptroller to resolve (*Matter of Murgia v Regan,* 90 AD2d 897; *Matter of Lees v Regan,* 87 AD2d 673). On this record, it is clear the Comptroller's decision is supported by substantial medical evidence and should not be disturbed (*Matter of Nosworthy v Levitt,* 50 AD2d 976; *Matter of Cisler v Levitt,* 49 AD2d 971). Determination confirmed, and petition dismissed, without costs. Mahoney, P. J., Main, Mikoll, Yesawich, Jr., and Weiss, JJ., concur.