In the Matter of PAUL KROLOWITZ, Petitioner, v EDWARD V. REGAN, as Comptroller of the State of New York, Respondent. — Proceeding pursuant to CPLR article 78 (transferred to this court by order of the Supreme Court at Special Term, entered in Albany County) to review a determination of the Comptroller which denied petitioner's application for accidental disability retirement benefits. Petitioner had been employed for over 15 years as a police officer with the Suffolk County Police Department when, on February 21, 1977, he was injured in a car accident en route from a Grand Jury hearing at which he had testified. He suffered multiple injuries, but his only permanent complaints were a stiffness and pain in his neck and numbness in the first three fingers of his right hand. Petitioner returned to work after a convalescence of over a year where he was given the assignment of "light duty desk officer", taking mug shots and fingerprints, answering the phone and generally dealing with the public. On November 11, 1979, petitioner experienced additional pain and lack of mobility in his neck, motivating him to stop working permanently. Petitioner subsequently applied for accidental disability retirement benefits. This application was denied, following a hearing, upon a finding that petitioner was not permanently incapacitated for the performance of his duties as a police officer (Retirement and Social Security Law, § 363, subd a, par 2). The sole issue raised in this proceeding is whether there is substantial evidence in the record to support the Comptroller's determination. We hold that there is. The physician testifying on behalf of the retirement system had examined petitioner and found that he had normal motor power, reflexes and co-ordination and that any immobility he suffered in his neck was voluntary. He concluded that petitioner could perform the full duties of a police officer. On the other hand, petitioner's medical witnesses stated that his

condition disabled him from performing such work, emphasizing that the numbness in his fingers would affect his ability to fire a gun. The Comptroller is empowered by statute with "exclusive authority" to determine applications for retirement benefits (Retirement and Social Security Law, § 374, subd b), and his decisions, when supported by substantial evidence, must be accepted (*Matter of Demma v Levitt,* 11 NY2d 735, 737; *Matter of Thompson v Regan,* 93 AD2d 961, 962). In cases such as the instant matter, where conflicting medical testimony is presented, the Comptroller's evaluation is dispositive, including his decision "to accord greater weight to the testimony of one doctor over another" (*Matter of Sica v New York State Employees' Retirement System,* 75 AD2d 927, 928, affd 52 NY2d 941). In the case at bar, the retirement system's medical witness testified unequivocally that petitioner could perform the duties of a police officer. This testimony was buttressed by petitioner's admission that he had driven himself to the hearing together with the fact that the police department had accommodated petitioner by assigning him light desk duties which did not require the ability to fire a gun or to engage in any other physical exertion (see *Matter of Field v Regan,* 90 AD2d 580, mot for lv to app den 58 NY2d 608). Accordingly, we find that the Comptroller's determination was based on substantial evidence and should not be disturbed. Determination confirmed, and petition dismissed, without costs. Mahoney, P. J., Kane, Main, Casey and Levine, JJ., concur.