■ In the Matter of ROBERT ROVEGNO, Petitioner, v EDWARD V. REGAN, as Comptroller of the State of New York, et al., Respondents. — Proceeding pursuant to CPLR article 78 (transferred to this court by order of the Supreme Court at Special Term, entered in Albany County) to review a determination of the State Comptroller which denied petitioner's application for ordinary disability retirement benefits. ¶ Petitioner was a police officer for the Nassau County Police Department. In September, 1979, petitioner filed a timely application for ordinary disability retirement which stated that he was permanently disabled from his employment because of gastrointestinal disorders. After petitioner was examined by a physician on behalf of the State Policemen's and Firemen's Retirement System, the Comptroller denied petitioner's application for ordinary disability retirement because petitioner was not permanently incapacitated for the performance of his duties as a police officer. After petitioner requested redetermination, a hearing was held. The hearing officer found that petitioner had not met his burden of proof that he was permanently disabled for the performance of his duties as a police officer and

concluded that petitioner's application should be denied. The Comptroller issued a determination denying petitioner's application and this proceeding, which has been transferred to this court, was commenced to review that determination. ¶ The Comptroller is vested with exclusive authority to determine applications for retirement benefits (Retirement and Social Security Law, § 374, subd b), and his determination must be upheld if supported by substantial evidence in the record (*Matter of Krolowitz v Regan,* 97 AD2d 902, 903; *Matter of Berbenich v Regan,* 81 AD2d 732, affd 54 NY2d 792). The medical testimony introduced at the hearing was, at best, conflicting. Petitioner's physician testified that petitioner was suffering from a syndrome known as irritable bowel syndrome, which was stress related and manifested itself with symptoms which were particular to each sufferer. In reply to whether petitioner was permanently incapacitated, this physician testified that the condition would persist unless petitioner changed his occupation or was given other duties. The Retirement System's physician testified that petitioner was not permanently incapacitated at the time of his examination of petitioner and that there was no proved relationship between petitioner's physical complaints and his job. The Comptroller was within his authority to credit the testimony of the latter physician (*Matter of Walker v Regan,* 97 AD2d 878; *Matter of Sica v New York State Employees' Retirement System,* 75 AD2d 927, 928, affd 52 NY2d 941), especially considering the former physician's failure to respond specifically that petitioner was permanently incapacitated for the performance of his duties as a police officer. Accordingly, we are of the view that the Comptroller's determination is supported by substantial evidence and must be confirmed. ¶ Determination confirmed, and petition dismissed, without costs. Mahoney, P. J., Main, Mikoll, Yesawich, Jr., and Harvey, JJ., concur.