■ In the Matter of RICHARD GLASKI, Petitioner, v EDWARD V. REGAN, as State Comptroller and Head of the New York State Policemen's and Firemen's Retirement System, Respondent.—Weiss, J. Proceeding pursuant to CPLR article 78 (transferred to this court by order of the Supreme Court at Special Term, entered in Albany County) to review a determination of respondent which denied petitioner's application for accidental disability retirement benefits.

Petitioner has been employed since 1967 as a police officer with the Suffolk County Police Department. In October 1981, he filed an application for accidental disability retirement benefits claiming to be permanently disabled due to a knee injury sustained in two motor vehicle accidents which occurred in January 1970 and May 1979. Following a hearing, petitioner's application was denied on the ground that he was not permanently disabled from performing the duties of a police officer (Retirement and Social Security Law § 363 [a] [2]). The sole issue in this proceeding is whether there is substantial evidence in the record to support this determination. We find that there is.

It is undisputed that petitioner was accidentally injured in the line of duty. The medical experts for both parties essentially agree that petitioner's knee disability prevents him from performing active police functions requiring physical exertion. However, both experts agreed that petitioner is capable of performing sedentary, "light-duty" work. Petitioner testified that since about June 1980, he has been assigned to "light duty", which consists of answering the telephone and operating a door buzzer from the front desk. He has been directed to avoid any confrontations.

Respondent is vested with "exclusive authority" to determine whether an applicant qualifies for benefits (Retirement and Social Security Law § 374 [b]; *Matter of Berbenich v Regan,* 81 AD2d 732, *affd* 54 NY2d 792). By statute, petitioner is entitled to benefits if "[p]hysically or mentally incapacitated for *performance of duty"* (Retirement and Social Security Law § 363 [a] [2]; emphasis supplied). Petitioner contends that the appropriate standard is not whether he is physically capable

of performing his present assignment, but whether he is physically incapacitated from performing the normal duties of a police officer. Respondent contends that the issue is whether petitioner is capable of performing the duties "required of him". We agree with the latter interpretation. The record confirms that petitioner is capable of performing his present "light-duty" assignment with which he has been accommodated by the police department (see, *Matter of Krolowitz v Regan,* 97 AD2d 902, 903). Although no assurances have been made that petitioner will be allowed to continue on such status, he concedes that the police department has in no way indicated that he could not continue. Inasmuch as petitioner is capable of performing a viable function within the scope of a police officer's duties, we find that respondent's determination was based on substantial evidence and should not be disturbed (see, *Matter of Rovegno v Regan,* 103 AD2d 877, 878; *Matter of Krolowitz v Regan, supra; Matter of Smith v New York State Employees' Retirement Sys.,* 92 AD2d 642, 643; *Matter of Field v Regan,* 90 AD2d 580, *lv denied* 58 NY2d 608; *Matter of Lees v Regan,* 87 AD2d 673, 674).

Determination confirmed, and petition dismissed, without costs. Mahoney, P. J., Kane, Casey, Weiss and Levine, JJ., concur.