■ In the Matter of JAMES REED, Petitioner, v EDWARD V. REGAN, as Comptroller of the State of New York, Respondent. —Casey, J. Proceeding pursuant to CPLR article 78 (transferred to this court by order of the Supreme Court at Special Term, entered in Albany County) to review a determination of respondent which denied petitioner's application for accidental disability retirement benefits.

Petitioner had been employed since 1965 as a police officer with the Nassau County Police Department. On June 19, 1968, in response to a radio call and while carrying a stretcher, petitioner claims that he tripped on debris on a stairwell, lost his balance and struck his back against the wall. On the following day, the pain is said to have prevented petitioner from "getting out of bed". Although petitioner thereafter missed some work days due to a series of bank injuries which caused a similar kind of back pain, he remained on regular duty until April 1981. In October 1982, petitioner applied for accidental disability retirement benefits, contending that he was disabled as the result of the accident of June 19, 1968. On November 17, 1983, petitioner ceased working and went on sick leave.

After respondent denied his application, petitioner requested and was afforded a hearing at which three medical experts testified. Although two of the medical experts favored petitioner's claim of how his incapacitation occurred, respondent's expert medical witness disagreed with the findings and diagnosis of those experts and testified that although petitioner suffered from lumbosacral sprain and strain syndrome, there was no evidence of disc disease or of "an unstable lower back". He concluded that petitioner was not disabled from performing his duties as a police officer. This expert further stated that the June 19, 1968 injury could not be said "with reasonable medical certainty" to have been the natural and proximate cause of petitioner's condition, given his history of numerous subsequent back injuries. This testimony, credited by respondent, supplies the substantial evidence required to sustain the determination made. When so supported, respondent's decision must be accepted (Matter of Demma v Levitt, 11 NY2d 735, 737). When, as here, a claim for disability retirement benefits rests on conflicting medical testimony, "the Comptroller's evaluation is dispositive", including his decision to accord greater weight to the testimony of one doctor over another (Matter of Krolowitz v Regan, 97 AD2d 902, 903; accord, Matter of Sica v New York State Employees' Retirement Sys., 75 AD2d 927, 928, affd 52 NY2d 941).

Based as it is on substantial evidence, respondent's determination must be confirmed.

Determination confirmed, and petition dismissed, without costs. Mahoney, P. J., Main, Casey, Mikoll and Yesawich, Jr., JJ., concur.