■ In the Matter of DONALD D. VOORHEES, Petitioner, v EDWARD V. REGAN, as Comptroller of the State of New York, et al., Respondents.—Kane, J. P. Proceeding pursuant to CPLR article 78 (transferred to this court by order of the Supreme Court at Special Term, entered in Albany County) to review a determination of respondent Comptroller which denied petitioner's application for accidental disability retirement benefits.

Petitioner had been employed since 1969 as a police officer with the Village of Rockville Centre in Nassau County. As the result of incidents which occurred in 1971, 1972 and 1974, petitioner was forced to miss some workdays due to a back injury. From 1974 to 1982, petitioner performed his duties as a police officer. However, in February 1982 petitioner injured his back while bending over to file documents in a file cabinet. Petitioner was unable to return to work and, on March 7, 1983, filed an application for accidental disability retirement benefits. This application stated that petitioner was disabled due to a herniated disc in the lower back caused by accidents which occurred in the course of his employment in 1971, 1972 and 1974.

After respondent Comptroller denied his application, petitioner was afforded a hearing at which medical experts for petitioner and respondent New York State Policemen's and Firemen's Retirement System testified. After the hearing, the Comptroller credited the testimony of Dr. Seymour Einhorn, who opined that petitioner's present disability was not caused by the alleged accidents which occurred in 1971, 1972 or 1974. Although the Comptroller found, as did Einhorn, that the 1982 incident contributed to petitioner's injury, he found such incident to be a "non-accident". Petitioner's application was therefore denied and this CPLR article 78 proceeding ensued.

We confirm. First, the incident of February 10, 1982 was properly found not to be an "accident" within the meaning of

the Retirement and Social Security Law *(see, Matter of Menna v New York City Employees' Retirement Sys.,* 91 AD2d 537, *affd* 59 NY2d 696; *Matter of Merkle v Levitt,* 69 AD2d 973). The remainder of the Comptroller's determination, i.e., that petitioner's disability was not caused by the 1971, 1972 or 1974 incidents, reflected the expert medical opinion of Einhorn. This being the case, the determination is supported by substantial evidence and should not be disturbed *(see, Matter of Reed v Regan,* 115 AD2d 938; *Matter of Krolowitz v Regan,* 97 AD2d 902, 903).

Determination confirmed, and petition dismissed, without costs. Kane, J. P., Main, Casey, Weiss and Mikoll, JJ., concur.