■ In the Matter of EDWARD COLLIGAN, Petitioner, v EDWARD REGAN, as New York State Comptroller, et al., Respondents.—Harvey, J. Proceeding pursuant to CPLR article 78 (transferred to this court by order of the Supreme Court at Special Term, entered in Albany County) to review a determination of respondent Comptroller which denied petitioner's application for accidental disability retirement benefits.

---

* At the time claimant purchased the ticket, the above provision was apparently embodied in 21 NYCRR former 2817.7 (f).

In May 1981, petitioner was injured in a fall which occurred while he was on duty as a police officer for the Suffolk County Police Department. He was briefly hospitalized for head injuries sustained in the fall and, after being discharged, he continued seeking medical attention for fall-related problems. In the month following the fall, he suffered two seizures which were apparently caused by the head injuries he had suffered. He subsequently returned to work and was assigned to non-confrontational light duty. In February 1983, petitioner filed an application for accidental disability retirement benefits. Ultimately, respondent Comptroller denied petitioner's application for benefits, finding that petitioner was not permanently incapacitated from performing the duties of a police officer. This CPLR article 78 proceeding ensued.

The Comptroller's determination of applications for retirement benefits must be upheld if supported by substantial evidence *(Matter of Perritano v Regan,* 120 AD2d 867). In order to be entitled to benefits, an applicant must establish that he is incapacitated for performance of the duties required of him *(Matter of Glaski v Regan,* 115 AD2d 111; *Matter of Brown v Regan,* 112 AD2d 570). Petitioner was given medication to control seizures and he has not suffered any seizures since the month following the accident. Although there were conflicting medical opinions as to the possibility of future seizures, the Comptroller's evaluation of the conflicting opinions must be accepted *(see, Matter of McGrath v Regan,* 109 AD2d 1007). The record fully supports the Comptroller's determination that petitioner is capable of performing the light duty to which he has been assigned. Hence, we conclude that the Comptroller's determination must be confirmed *(see, Matter of Glaski v Regan, supra).*

Determination confirmed, and petition dismissed, without costs. Mahoney, P. J., Kane, Weiss, Levine and Harvey, JJ., concur.