■ In the Matter of JAMES J. RUBINSKI, Petitioner, v NEW YORK STATE AND LOCAL POLICE AND FIRE RETIREMENT SYSTEM, Respondent.—Yesawich, Jr., J. Proceeding pursuant to CPLR article 78 (transferred to this court by order of the Supreme Court, entered in Albany County) to review a determination of the Comptroller which denied petitioner's applications for accidental disability and performance of duty disability retirement benefits.

In 1982, while in the course of his duties as a City of Cohoes police officer in Albany County, petitioner was attacked by a dog and fell backwards down a flight of stairs, injuring his back, hips and shoulders. Two years later, when petitioner returned to work, he was assigned to light duty, namely, desk work. He performed these duties for about one month when, allegedly because the prolonged sitting aggravated his back, he went on sick leave until his retirement some two years later.

In 1986, petitioner filed timely applications for accidental disability retirement benefits pursuant to Retirement and Social Security Law § 363 and performance of duty disability retirement benefits pursuant to section 363-c. A formal hearing was had after which the Hearing Officer recommended that petitioner's applications be denied because petitioner did not sustain his burden of proving that he was permanently incapacitated for the performance of his duties as a police officer (see, Retirement and Social Security Law §§ 363, 363-c).

The Comptroller adopted the Hearing Officer's recommendations, prompting petitioner to commence this CPLR article 78 proceeding.

The Comptroller's determination regarding an application for retirement benefits is to be upheld if supported by substantial evidence in the record (*Matter of Rovegno v Regan,* 103 AD2d 877, 878). Here, the medical testimony introduced at the hearing was conflicting. Petitioner's expert, and treating physician, testified that, as a result of the fall, petitioner now suffers from a herniated disc in his lower back and because of this condition is incapable of discharging the physical activities inherent in active police work. Moreover, although petitioner's doctor did not specifically state that petitioner could not do desk-related work, he noted that when petitioner had been assigned to light duty two years earlier, he was unable to carry out that work due to the length of sitting and standing it involved.

Respondent's medical expert testified that he found no objective evidence of a disc herniation, but believed it most probable that petitioner suffered from a partially herniated and degenerative lumbar disc. In his opinion, petitioner was capable of performing most of the physically demanding duties required of a police officer. Nevertheless, based upon petitioner's medical history and record, rather than physical findings, he recommended restricting petitioner to "light duty work". The Comptroller was free to credit the testimony of respondent's physician and conclude, as he did, that petitioner could indeed perform light duty activities (*see, Matter of Rovegno v Regan, supra*).

Inasmuch as a light duty assignment, which he is deemed capable of performing, was available to petitioner, and there is no indication in the record that it would not continue to be, the Comptroller's determination must be confirmed (*see, Matter of Glaski v Regan,* 115 AD2d 111, 112).

Determination confirmed, and petition dismissed, without costs. Casey, J. P., Weiss, Mikoll, Yesawich, Jr., and Harvey, JJ., concur.