■ In the Matter of THOMAS P. MARSALA, Petitioner, v EDWARD V. REGAN, as Comptroller of the State of New York, Respondent.—Levine, J. Proceeding pursuant to CPLR article 78 (transferred to this court by order of the Supreme Court, entered in Albany County) to review a determination of respondent which denied petitioner's requests for accidental disability retirement benefits and retirement for disability incurred in performance of duty benefits.

Petitioner, a Deputy Fire Chief in the Hartsdale Fire District in Westchester County, was denied disability retirement benefits on the ground, inter alia, that he was not permanently incapacitated from the performance of his duties. There is evidence in the record clearly establishing that petitioner is fully capable of performing the assignments he was given upon being placed on permanent light-duty status following a reinjury to his left knee in 1986. Thus, there was substantial evidence to support respondent's determination to deny petitioner disability benefits on the ground that he was not permanently incapacitated from performing his duties (see, Matter of Colligan v Regan, 128 AD2d 928, 929; Matter of Glaski v Regan, 115 AD2d 111, 112; Matter of Krolowitz v Regan, 97 AD2d 902, 903). Petitioner failed to sustain his burden of proving "that he is incapacitated for performance of the duties required of him" (Matter of Colligan v Regan, supra, at 929).

Contrary to petitioner's contention on review, the applicable statutory provisions (Retirement and Social Security Law §§ 363, 363-c) make no distinction between the disabilities of police officers and firefighters and, therefore, the previously cited decisions upholding the denial of disability retirement benefits for police officers who were capable of performing

their respective light-duty assignments are applicable to the instant case. There is nothing in the provisions of General Municipal Law § 207-a that would make the placing of an injured firefighter on light-duty status incompatable with the denial by respondent of permanent disability benefits *(see, Glanville v Village of Johnson City,* 77 AD2d 692). Therefore, respondent's determination should be confirmed.

Mahoney, P. J., Casey, Weiss and Harvey, JJ., concur. Adjudged that the determination is confirmed, without costs, and petition dismissed.