■ In the Matter of PHILIP T. NEWMAN, Petitioner, v NEW YORK STATE POLICE AND FIREMEN'S RETIREMENT SYSTEM et al., Respondents.—Proceeding pursuant to CPLR article 78 (transferred to this court by order of the Supreme Court, entered in Albany County) to review a determination of respondent Comptroller which denied petitioner's application for accidental disability retirement benefits.

The record contains conflicting medical testimony on the question of whether petitioner was permanently incapacitated as the result of an injury to his lower back and right hip area which occurred while he was performing his duties as a police officer. It was within respondent Comptroller's authority to

evaluate the conflicting medical evidence *(see, Matter of Clay v Regan,* 90 AD2d 625) and he was free to accept the opinion of one physician over another *(see, Matter of Rubinski v New York State & Local Police & Fire Retirement Sys.,* 156 AD2d 888). Accordingly, the Comptroller could properly credit the testimony of one physician that there was no objective evidence of a disabling condition and that petitioner was capable of performing his duties. Therefore, insofar as the Comptroller's denial of petitioner's request for accidental disability retirement benefits is supported by substantial evidence, it must be upheld *(see, supra).* The fact that he was placed on restrictive assignment or light duty does not show that he was permanently disabled *(see, e.g., Matter of Colligan v Regan,* 128 AD2d 928). Petitioner's remaining contentions have been considered and rejected as lacking in merit.

Weiss, P. J., Mercure, Crew III, Mahoney and Casey, JJ., concur. Adjudged that the determination is confirmed, without costs, and petition dismissed.