In the Matter of GUY A. VALERIOTI, Petitioner, v NEW YORK STATE COMPTROLLER, NEW YORK STATE AND LOCAL EMPLOYEES' RETIREMENT SYSTEM, POLICEMEN'S AND FIREMEN'S RETIREMENT SYSTEM, Respondent.—Proceeding pursuant to CPLR article 78 (transferred to this Court by order of the Supreme Court, entered in Albany County) to review a determination of respondent which denied petitioner's request for accidental disability retirement benefits.

We find substantial evidence to support the determination denying petitioner's application for accidental disability retirement benefits on the ground that he is not permanently incapacitated from performing the duties of a police officer (see, *Matter of Marsala v Regan,* 178 AD2d 912; *Matter of Colligan v Regan,* 128 AD2d 928). Although petitioner's expert opined that petitioner was permanently incapacitated from performing certain duties, respondent's expert opined that petitioner could perform the duties required of him, that he required only some simple conservative treatment and that he was not impaired to the point where he could not use a gun. Respondent's expert testified in this regard only that he would not want to put petitioner in continuous life-threatening activities. His reason for this was that petitioner might experience a "flare-up" in his condition, an occurrence not established in the record. To the extent that the medical evidence is conflicting, it is respondent's duty to evaluate such testimony (see, *Matter of Ramseur v Regan,* 154 AD2d 869, 870), and respondent is free to credit one physician's testimony over that of another (see, *Matter of Rubinski v New York State & Local Police & Fire Retirement Sys.,* 156 AD2d 888, 889). Evidence in the record also supports the conclusion that

petitioner has always performed the tasks required of him, even on motor patrol. Finally, petitioner testified that he requested to be put back on full duty two months after his accident and he has remained there up to the time of the hearing. Under these circumstances, petitioner has failed to sustain his burden of establishing that he is physically incapacitated from performing his duties (see, State Administrative Procedure Act § 306 [1]).

Weiss, P. J., Mikoll, Yesawich Jr., Crew III and Harvey, JJ., concur. Adjudged that the determination is confirmed, without costs, and petition dismissed.