■ In the Matter of John F. Catalano, Petitioner, v New York State Comptroller et al., Respondents. [603 NYS2d 603] — Mikoll, J. P. Proceeding pursuant to CPLR article 78 (transferred to this Court by order of the Supreme Court, entered in Albany County) to review a determination of respondent Comptroller which denied petitioner's applications for accidental disability retirement benefits and performance of duty disability retirement benefits.

Petitioner filed applications for accidental disability retirement benefits and performance of duty disability retirement benefits, alleging permanent disability because of "trauma-left side of back, constant pain" suffered in an accident on February 16, 1987. Petitioner was injured while on duty when he slipped on an icy pavement, falling over backward, and twisting his back on the left side in trying to avoid the fall.

Petitioner was off two weeks, returned to light duty for two weeks, and then resumed full duty status until his retirement in May 1988.

Petitioner's expert, Stephen Zolan, testified that petitioner suffers from a herniated lumbar disc both centrally and to the left at L5-S1 vertebral level, impinging on the S1 nerve root, and is essentially totally and permanently disabled not only as to his duties as a police detective, but would be unable to perform any type of significant work. He opined that petitioner's fall of February 16, 1987 caused the disability. He explains the absence of evidence of a herniated disc on the MRI scan taken of petitioner on inadequate scanning machinery. Anthony Pietropinto, a psychiatrist, also called by petitioner, concluded that petitioner suffers from major depression which is ongoing and that petitioner's pain is a contributing factor to his depression. He opined that petitioner could not perform the duties of a police officer.

The expert for respondent Retirement System, Martin Lehman, testified that petitioner's herniated disc was attributable to some intervening event based on the fact that petitioner was able to perform his duties for 14 months after the fall and before retirement, and because the MRI scan taken four months after the accident did not show a herniated disc. Mortimer Shapiro, a neurologist and psychiatrist, also appearing for the Retirement System, testified that he found nothing neurologically or psychologically wrong with petitioner.

Respondent Comptroller disapproved petitioner's applications for both accidental disability retirement benefits and performance of duty disability retirement benefits, finding that petitioner is not permanently incapacitated for the performance of duties as a detective as a result of the fall of February 16, 1987, that he was not physically incapacitated for the performance of duties when he retired in May 1988 and is not permanently psychologically disabled. The Comptroller found that the herniation of petitioner's L5-S1 disc occurred in the period between petitioner's two MRI scans, the first of which showed no herniation and the second which did indicate herniation.

The Comptroller is vested with exclusive authority to determine applications for retirement benefits (Retirement and Social Security Law § 374 [b]). His determination must be upheld if supported by substantial evidence in the record. Where conflicting medical testimony is presented, the Comptroller's evaluation and crediting thereof must be accepted if supported by substantial evidence (see, Matter of Heavey v

*Regan,* 161 AD2d 917, 918). Herein, the record supports the Comptroller's denial of benefits based on creditable expert testimony.

Mercure, Cardona, Mahoney and Casey, JJ., concur. Adjudged that the determination is confirmed, without costs, and petition dismissed.