■ In the Matter of JEANMARIE SLEDGE, Petitioner, v NEW YORK STATE POLICE AND FIREMEN'S RETIREMENT SYSTEM et al., Respondents. [605 NYS2d 563] —Weiss, P. J. Proceeding pursuant to CPLR article 78 (transferred to this Court by order of the Supreme Court, entered in Albany County) to review a determination of respondent Comptroller which denied petitioner's application for performance of duty disability retirement benefits.

Petitioner, a police officer with the East Hampton Police Department in Suffolk County, applied for performance of duty disability benefits relating to an occurrence on November 15, 1987 when she assisted an ambulance driver in lifting a 250-pound woman. The sole issue is whether, based upon conflicting medical testimony, there is substantial evidence in the record to support respondent Comptroller's determination that petitioner failed to sustain her burden of proof that she is permanently incapacitated from the performance of police officer duties.

The Comptroller is legislatively delegated with exclusive authority to determine applications for retirement benefits (Retirement and Social Security Law § 374 [b]), which authority includes resolution of issues of credibility and conflicting evidence. The Comptroller's determination must be upheld if supported by substantial evidence in the record *(see, Matter of Catalano v New York State Comptroller,* 198 AD2d 662).

Where, as here, conflicting medical testimony is presented, the Comptroller's evaluation and crediting of the witnesses and evidence must be accepted if supported by substantial evidence *(see, Matter of Heavey v Regan,* 161 AD2d 917, 918). We find that the testimony of medical experts, albeit conflicting in their opinions, amply supports the Comptroller's determination.

Mikoll, Mercure, Cardona and Mahoney, JJ., concur. Adjudged that the determination is confirmed, without costs, and petition dismissed.