■ In the Matter of WILLIAM FLANNERY, Petitioner, v H. CARL McCALL, as State Comptroller, New York State and Local Police and Fire Retirement System, Respondent. [631 NYS2d 103] —Casey, J. Proceeding pursuant to CPLR article 78 (transferred to this Court by order of the Supreme Court, entered in Albany County) to review a determination of respondent which denied petitioner's application for accidental disability retirement benefits.

Petitioner, a detective in the Nassau County Police Department, sustained a back injury on May 29, 1991 in an on-duty automobile accident. When he returned to work about four weeks later, petitioner was placed on restrictive duty on the recommendation of the police surgeon. Following a hearing, respondent denied petitioner's application for accidental disability retirement benefits on the ground that he is not permanently incapacitated for the performance of duties as a detective. Petitioner then commenced this CPLR article 78 proceeding to challenge this determination, which was subsequently transferred to this Court.

We confirm. In our view, petitioner "failed to sustain his burden of proving 'that he is incapacitated for performance of the duties required of him'" (*Matter of Marsala v Regan*, 178 AD2d 912, *lv denied* 80 NY2d 755, quoting *Matter of Colligan v Regan*, 128 AD2d 928, 929). Notably, while both orthopedic experts who testified at the hearing agreed that petitioner had some preexisting degenerative disc disease, they differed as to whether he was incapacitated for the performance of his duties. Petitioner's expert opined that petitioner sustained a disc herniation that was superimposed on the preexisting disease and prevented petitioner from performing his full duties. The Retirement System's orthopedic expert diagnosed a sprain and found no objective abnormalities. He concluded that there was no reason why petitioner could not perform either his full duties as a detective or a restricted work schedule. The psychiatrist assigned to examine petitioner found no evidence of psychiatric disturbance and opined that, from a psychiatric standpoint, petitioner could perform the duties of a detective.

Significantly, "[w]here conflicting medical testimony is presented [respondent's] evaluation and crediting thereof must be accepted if supported by substantial evidence" (*Matter of Catalano v New York State Comptroller*, 198 AD2d 662, 663; *see, Matter of Longendyke v Regan*, 195 AD2d 695, 696). The record in this case fully supports respondent's determination. More-

over, it should be noted that petitioner's expert never testified that petitioner was disabled from performing light duties. Since there is no indication that petitioner cannot continue on restricted duty assignment (*see, Matter of Rubinski v New York State & Local Police & Fire Retirement Sys.*, 156 AD2d 888, 889), respondent's determination is even further justified (*see, Matter of Glaski v Regan*, 115 AD2d 111).

Mikoll, J. P., Crew III, White and Yesawich Jr., JJ., concur. Adjudged that the determination is confirmed, without costs, and petition dismissed.