■ In the Matter of the Claim of RACHEL C. KNIGHT, Appellant. JOHN E. SWEENEY, as Commissioner of Labor, Respondent. [651 NYS2d 951] —Appeal from a decision of the Unemployment Insurance Appeal Board, filed October 19, 1995, which ruled that claimant was disqualified from receiving unemployment insurance benefits because she voluntarily left her employment without good cause.

Claimant admittedly received and read a notice of determination finding her ineligible to receive unemployment insurance benefits and liable for a recoverable overpayment of $1,670.25. The notification, dated May 18, 1995 and mailed May 19, 1995, specifically informed claimant that she had 30 days from its date to request a hearing to contest it (*see*, Labor Law § 620 [1] [a]). Accordingly, the Board's decision finding that claimant's request for a hearing, dated July 21, 1995, was untimely is supported by substantial evidence and must be affirmed (*see*, *Matter of Hart [Hudacs]*, 199 AD2d 667).

Mikoll, J. P., White, Casey, Peters and Spain, JJ., concur. Ordered that the decision is affirmed, without costs.

■ In the Matter of PATRICK KIRBY, Petitioner, v H. CARL McCALL, as State Comptroller, et al., Respondents. [651 NYS2d 947] —Proceeding pursuant to CPLR article 78 (transferred to this Court by order of the Supreme Court, entered in Albany County) to review a determination of respondent Comptroller which denied petitioner's application for accidental disability retirement benefits.

There is substantial evidence in the record to support the finding of respondent Comptroller that petitioner failed to sustain his burden of proving that he is permanently incapacitated from performing his duties as a Park Maintenance Supervisor. While there was conflicting testimony from petitioner's treating physician and the physician who testified on behalf of respondent New York State and Local Employees' Retirement System, it lies within the Comptroller's authority to evaluate contradictory medical evidence and to accept the opinion of one expert medical witness over that of another (*see*, *Matter of Longendyke v Regan*, 195 AD2d 695, 696; *Matter of Newman v New York State Police & Firemen's Retirement Sys.*, 186 AD2d 306, 307, *lv denied* 81 NY2d 701). The Comptroller's determination is accordingly confirmed.

Cardona, P. J., Mikoll, White, Peters and Spain, JJ., concur. Adjudged that the determination is confirmed, without costs, and petition dismissed.