■ In the Matter of JOHN P. MORRISEY, Petitioner, v NEW YORK STATE AND LOCAL POLICE AND FIREMEN RETIREMENT SYSTEM, Respondent. [656 NYS2d 567] —Mikoll, J. P. Proceeding pursuant to CPLR article 78 (transferred to this Court by order of the Supreme Court, entered in Albany County) to review a determination of the Comptroller which denied petitioner's application for accidental disability retirement benefits.

Petitioner was a police officer with the City of Buffalo Police Department in Erie County until September 1984, when he was shot while on duty and sustained a serious right ankle injury. Although petitioner attempted to return to work, he was ultimately forced to quit due to the stiffness, swelling and restricted movement in his ankle. No light work was available to him. After a hearing, petitioner's application for accidental disability retirement benefits was denied on the ground that petitioner was not permanently incapacitated from the performance of his duties. This proceeding ensued.

Initially, we reject petitioner's conclusory allegation that, because three separate Hearing Officers presided over the hearing, the credibility of the witnesses could not be adequately assessed. Petitioner has failed to establish that he was substantially prejudiced due to the substitution of the Hearing Officers (*see, Matter of New York Pan Pizza Corp. v New York State Liq. Auth.,* 150 AD2d 694, *appeal dismissed* 74 NY2d 840).

We conclude nonetheless that the Comptroller's determination is not supported by substantial evidence and must be annulled. The Hearing Officer's conclusion, affirmed by the Comptroller, that no permanency was established is belied by the record.

The testimony of petitioner's superior officer and his partner indicates that petitioner's injury has substantially affected his maneuverability, agility and strength. They both indicated that petitioner can no longer perform his duties and cannot be relied on to assist in the many physical and dangerous challenges of police work. To be noted, respondent's own expert medical witness, William Rogers, concurred with petitioner's expert, John De Marchi, in finding permanent disability, contrary to the Comptroller's finding, although Rogers and De Marchi disagreed as to the extent of permanency.

De Marchi testified that petitioner's condition had reached a status quo, that is, no further medical or rehabilitative treatment could improve his condition. It was his opinion that petitioner was disabled and no longer able to fulfill his duties as a police officer. Rogers opined that petitioner was able to perform his duties despite the permanent injury to his ankle.

While we normally defer to the Comptroller's determination in the resolution of differences in medical opinion and the election as to which opinion he considers credible (*see, Matter of Longendyke v Regan*, 195 AD2d 695), in the instant case we conclude that the record simply contradicts the determination and it is not supported by substantial evidence.

We note, initially, our concern with Rogers' cursory examination of petitioner's medical records. He chose to base his medical conclusion on only three out of 40 medical reports of treatment available. Most critically relevant is his failure to examine petitioner's hospital record and X-rays on an X-ray machine. These reports and films should have been utilized to support his medical opinion. As a result, his medical opinion is based on a serious mistake of fact. It cannot be controverted that petitioner's ankle joint was violated by the gunshot wound. The hospital discharge summary supports this finding as does the testimony of De Marchi, who operated on petitioner's ankle and removed the bullet, and who testified that the lateral malleolus, the key ankle joint, and the tibia and fibula were fractured by the gunshot wound. Petitioner was shot by a "Hydro-Shock" round which is specifically intended to maim. Rogers indicated that he was unaware of the type of bullet involved and admitted that he erroneously assumed that the ankle joint was not fractured. The viability of his medical opinion has been undermined by the evidence in the record and by his haphazard and incomplete examination of petitioner's treatment, hospital records and other crucial reports, in evaluating petitioner's condition. In view of the failure to support the determination with substantial evidence, it must be annulled.

Peters and Spain, JJ., concur.

Mercure, J. (dissenting). We respectfully dissent. By statute, the Comptroller is granted authority to determine eligibility for accidental disability retirement benefits (*see,* Retirement and Social Security Law § 374 [b]; *see also, Matter of Heavey v Regan,* 161 AD2d 917, 918; *Matter of Leone v Regan,* 146 AD2d 869, 870). As such, that officer is vested with exclusive authority to evaluate, weigh and make a choice between conflicting medical opinions, and this Court is bound by that determination so long as it is supported by substantial evidence (*see, Matter of Sledge v New York State Police & Firemen's Retirement Sys.,* 199 AD2d 944; *Matter of Longendyke v Regan,* 195 AD2d 695, 696; *Matter of Newman v New York State Police & Firemen's Retirement Sys.,* 186 AD2d 306, *lv denied* 81 NY2d 701; *Matter of Heavey v Regan, supra; Matter of Leone v Regan, supra*).

Here, the Comptroller accepted the testimony of an orthopedic surgeon who offered expert medical testimony that, although petitioner suffered a permanent partial disability, the injury was not so significant as to prevent him from performing his duties as a police officer. Given this testimony and based upon the record as a whole, we conclude that the challenged determination is supported by substantial evidence, even though there is other evidence in the record that arguably could support a contrary result (*see, Matter of Spencer v New York State & Local Empls. Retirement Sys.,* 220 AD2d 792, 793).

We would confirm the determination and dismiss the petition.

Casey, J., concurs. Adjudged that the determination is annulled, with costs, and matter remitted to the Comptroller for further proceedings not inconsistent with this Court's decision.