■ In the Matter of Roy P. Jetter, Petitioner, v H. Carl McCall, as New York State Comptroller, et al., Respondents. [661 NYS2d 61] —Proceeding pursuant to CPLR article 78 (transferred to this Court by order of the Supreme Court, entered in Albany County) to review a determination of respondent Comptroller which denied petitioner's application for disability retirement benefits.

Petitioner was employed as an investigator for the State Police when he injured his back while lifting his brief case from the trunk of a car. His subsequent application for disability retirement benefits was denied on the ground that he was not permanently incapacitated from performing his duties. Substantial evidence supports that determination. The orthopedist, called as an expert witness on behalf of respondent State Police and Fire Retirement System, testified that while petitioner suffered from herniated discs and other back ailments, he was still capable of performing all the duties of a police officer. While petitioner presented countervailing testimony from two physicians, it lies within respondent Comptroller's authority to evaluate conflicting medical evidence and to accept the opinion of one expert medical witness over that of another. (see, Matter of Flannery v McCall, 219 AD2d 770; Matter of Catalano v New York State Comptroller, 198 AD2d 662, 663).

Casey, Yesawich Jr. and Carpinello, JJ., concur.

Mikoll, J. P. (dissenting). Petitioner sustained a back injury on October 7, 1992 as he took a briefcase out of his car. Testifying was Joseph Lopez, an orthopedic surgeon retained on behalf of the State Police, who found that petitioner was totally disabled from being able to perform police work because of the October 7, 1992 injury. The testimony of Lopez was supported by petitioner's own physician, who also testified. As a result of petitioner's inability to pass a police fitness test, a disability retirement application was submitted to respondent New York State Police and Fire Retirement System on his behalf which was denied. Petitioner was terminated by the State Police in July 1996 due to his inability to pass its physical examination and return to work. State Police service requires an ability to meet all of the responsibilities of the job. There is no light duty permitted.

Respondent Comptroller's determination denying petitioner disability benefits should be annulled as it is not supported by

substantial evidence in the record. The Comptroller's reliance on physician Martin Lehman's testimony is unwarranted. Though it would appear that we are confronted with a difference in medical opinion, the resolution of which we ordinarily leave to the Comptroller, we find that these circumstances do not fall under "the rubric of difference in medical opinion" (*Matter of Wygand v Regan*, 135 AD2d 1060, 1061). A difference of opinion would require the existence of legally sufficient conflicting evidence (*see, id.*). We find none here.

Lehman's expert opinion should be rejected in that the validity of his conclusion is belied by the record. Lehman based his opinion of no permanent total incapacity on two facts: the existence of a preexisting, small herniated disc in petitioner's back and a lack of objective findings. Lehman concluded that the preexisting condition is the prime cause of his disability and it is not a work-related injury. Coupling this with his conclusion that there are no objective findings as to petitioner's disability, he found that petitioner is not disabled.

The issue Lehman was to address was whether petitioner was disabled and not whether a causal relationship exists between the injury and his work. Not only did Lehman fail to answer the crucial issue of whether petitioner is disabled, but his testimony that petitioner could perform all his police functions is contradicted by his written report, where he states that "[i]n view of the clinical complaints, I would not have him placed in a situation where excessive physical force would be necessary".

Lehman's statement that there are no objective findings are contradicted by two MRI and EMG tests made of petitioner's spine. It is uncontested that petitioner has a chronic degenerative disc disease with herniation at L4-L5 and L5-S1. Additionally, his second MRI indicates a worsened condition. Lehman does not contest the existence of this condition. His logic is that since the condition is a preexisting one and because petitioner was at one time able to function despite it, he should be able to do so now. This conclusion is so untenable that it must be rejected. Petitioner's rejection for police service because of his inability to pass the police fitness test, documented in the record, also undermines Lehman's illogical conclusion. To be noted as well is the fact that Lehman's examination was cursory (five minutes) and he failed to examine the film of the MRI and EMG. Coupling this with his inconsistent testimony requires that the Comptroller's determination be annulled. Because substantial evidence does not support the determination (*see, Morrisey v New York State & Local Police &*

*Firemen Retirement Sys.*, 239 AD2d 635), it should be annulled and the matter remitted to respondents for further proceedings.

Spain, J., concurs. Adjudged that the determination is confirmed, without costs, and petition dismissed.