■ In the Matter of VIRGINIA M. O'HALPIN, Petitioner, v NEW YORK STATE COMPTROLLER et al., Respondents. [783 NYS2d 727]—

Peters, J.P. Proceeding pursuant to CPLR article 78 (transferred to this Court by order of the Supreme Court, entered in Albany County) to review a determination of respondent

Comptroller denying petitioner's request for accidental disability retirement benefits.

Petitioner, employed by the Nassau County Sheriff's Department, worked as a deputy undersheriff. On May 14, 1997, she was injured after she slipped on a wet floor. Following an attempt to return to work in September 1997, petitioner stopped working in December 1997. Petitioner's initial application for accidental disability retirement benefits was denied. After a hearing, a Hearing Officer denied petitioner's application, finding that she was not permanently incapacitated or disabled from performing the duties of her position. Respondent Comptroller adopted the Hearing Officer's findings, leading to this CPLR article 78 proceeding.

"In order for a police officer to receive accidental . . . disability retirement benefits, he or she must be permanently incapacitated from performing his or her regular job duties" (*Matter of Liber v McCall*, 6 AD3d 950, 950 [2004] [citation omitted]; *see* Retirement and Social Security Law § 363). The Comptroller has the authority to resolve conflicts in the medical evidence, and his determination will be upheld if it is supported by substantial evidence (*see Matter of Liber v McCall, supra* at 950; *Matter of McKinney v McCall*, 6 AD3d 791, 792 [2004]).

Petitioner testified that the most physically demanding tasks she performed were public speaking at various events, dealing with sexual harassment complaints, and overseeing the kitchens at the Nassau County Correctional Center and Children's Shelter. Although her status as a police officer obligated her to make arrests and use her weapon if necessary, her job duties did not entail such conduct. The former Nassau County Sheriff, who was her supervisor at the time, described her job as administrative. While petitioner presented expert testimony describing the extent of her permanent disability, testimonial and documentary medical evidence indicated that petitioner was capable of performing her job duties, which were predominantly administrative, supervisory and clerical. While the evidence indicates that petitioner could not perform the physically strenuous work of making an arrest, restraining an inmate or using a firearm, the standard is not whether petitioner is disabled from performing police work, but whether she is capable of performing her "actual duties" (2 NYCRR 364.1; *see Matter of Smith v New York State Employees' Retirement Sys.*, 92 AD2d 642, 642-643 [1983]; *Matter of Field v Regan*, 90 AD2d 580 [1982], *lv denied* 58 NY2d 608 [1983]). As substantial evidence supports the finding that petitioner was capable of performing her regular job duties, we decline to disturb the Comptroller's determination.

Mugglin, Rose, Lahtinen and Kane, JJ., concur. Adjudged that the determination is confirmed, without costs, and petition dismissed.