■ In the Matter of KEVIN P. MORGAN, Petitioner, v ALAN G. HEVESI, as Comptroller of the State of New York, Respondent. [846 NYS2d 484]—

Mugglin, J. Proceeding pursuant to CPLR article 78 (transferred to this Court by order of the Supreme Court, entered in Albany County) to review a determination of respondent denying petitioner's application for accidental disability retirement benefits.

Petitioner retired from his position as a police officer with the Town of Greenburgh, Westchester County, in February 1998. Approximately 19 months following his retirement, he applied to respondent for accidental disability retirement benefits, claiming permanent incapacity as a result of injuries suffered in a 1980 motor vehicle accident. Following hearings, the Hearing Officer determined that the cervical spine injury suffered by petitioner in the 1980 motor vehicle accident did not render him permanently incapacitated from performing his job responsibilities and that petitioner's claimed injury to his right hip, although rendering him permanently incapacitated, was not proximately caused by the 1980 accident. The Hearing Officer's recommendation that petitioner's application for accidental disability retirement benefits be denied was adopted by respondent, resulting in this CPLR article 78 proceeding.

Entitlement to accidental disability retirement benefits arises from proof that the applicant is permanently incapacitated for the performance of duty as the result of an accident while in service (see Retirement and Social Security Law § 363 [a] [1]; Matter of O'Halpin v New York State Comptroller, 12 AD3d 771, 772 [2004], lv denied 5 NY3d 702 [2005]). In exercising the exclusive authority to determine all applications for retirement benefits (see Matter of DiPofi v New York State & Local Police & Fire Retirement Sys., 273 AD2d 734, 734 [2000], lv denied 95 NY2d 765 [2000]; see also Retirement and Social Security Law § 374), respondent's authorized resolution of conflicting medical evidence will be upheld if supported by substantial evidence (see

*Matter of O'Halpin v New York State Comptroller*, 12 AD3d at 772; *Matter of Fergus v Hevesi*, 6 AD3d 922, 923 [2004]).

First, with respect to the cervical spine injury, a neurologist examined petitioner and his medical records pertaining to the 1980 accident and found that this injury did not render him permanently incapacitated from performing his job responsibilities as a police detective. Respondent's decision to credit this evidence over the contrary opinions contained in the reports and records of petitioner's treating physicians is bolstered by petitioner's return to unrestricted duty within nine months of the accident and his continuous service until his 1998 retirement. Under these circumstances, it is clear that respondent's determination on this issue is supported by credible evidence and must be sustained (*see Matter of Capparella v McCall*, 7 AD3d 875, 876 [2004]).

Next, as to the right hip injury, respondent's board-certified orthopedic surgeon found no causal connection between it and the 1980 accident as none of petitioner's medical records reports or documents any knee or hip injury until after a second automobile accident in 1997. Petitioner's own recollection, the testimony of the former town comptroller and letters from the police chief and the chiropractor who took over the practice of petitioner's treating chiropractor are not only insufficient to rebut the medical opinion of the independent examiner, but also are inadequate to meet petitioner's burden of proving all elements of his claim (*see* State Administrative Procedure Act § 306 [1]). As a consequence, the denial of petitioner's application is supported by substantial evidence.

Mercure, J.P., Rose, Lahtinen and Kane, JJ., concur. Adjudged that the determination is confirmed, without costs, and petition dismissed.