In the Matter of ROSANNE M. RIGUZZI, Petitioner, v THOMAS P. DINAPOLI, as State Comptroller, Respondent. [918 NYS2d 905]—

Lahtinen, J.

Petitioner, a police officer for the Westchester County Depart-

ment of Public Safety, sustained a work-related, accidental injury to her right shoulder in 1994. She thereafter performed a light duty assignment in the department's civil division, dealing with the enforcement of civil judgments and orders. Specifically, petitioner worked at the division's office, where she completed clerical tasks and interacted with the public. After petitioner's 2005 application for accidental disability retirement benefits was disapproved, she sought a hearing and redetermination, following which a Hearing Officer found that she was not permanently incapacitated from performing her limited duties. Respondent accepted the Hearing Officer's findings and denied petitioner's application, and this CPLR article 78 proceeding ensued.

As substantial evidence supports respondent's determination that petitioner was not permanently incapacitated from performing her light duty assignment, we confirm.* Petitioner's assignment was administrative in nature and, contrary to her contention, respondent appropriately determined that her duties did not include single-handedly restraining any members of the public who became combative in the division's office (*see Matter of O'Halpin v New York State Comptroller*, 12 AD3d 771, 772 [2004], *lv denied* 5 NY3d 702 [2005]; *Matter of Glaski v Regan*, 115 AD2d 111, 111-112 [1985]). Respondent was further free to credit the opinion of an orthopedic surgeon who examined petitioner and found her to be fully capable of performing her actual duties (*see Matter of Riguzzi v Hevesi*, 16 AD3d 822, 823 [2005]; *Matter of Field v Regan*, 90 AD2d 580 [1982], *lv denied* 58 NY2d 608 [1983]).

Spain, J.P., Garry and Egan Jr., JJ., concur. Adjudged that the determination is confirmed, without costs, and petition dismissed.

---

* Petitioner concedes that respondent appropriately assessed her application in terms of her ability to perform her present assignment (*see* 2 NYCRR 364.3 [b]).