■ PAUL MAHONEY, Respondent, v FRANK MANFREDI et al., Defendants, and JOSEPH BONDI, Appellant.—In an action to recover damages, inter alia, for legal malpractice, the defendant Joseph Bondi appeals (1) from an order of the Supreme Court, Nassau County (Yachnin, J.), dated January 4, 1989, which denied his motion for summary judgment dismissing the complaint as asserted against him, and (2) as limited by his brief, from so much of an order of the same court, dated August 11, 1989, as, upon reargument, adhered to its original determination.

Ordered that the appeal from the order dated January 4, 1989, is dismissed, as that order was superseded by the order dated August 11, 1989, made upon reargument; and it is further,

Ordered that the order dated August 11, 1989, is reversed insofar as appealed from, on the law, the order dated January 4, 1989, is vacated, the defendant Bondi's motion for summary

judgment is granted, the complaint as asserted against him is dismissed, and the action against the defendant Frank Manfredi, individually, is severed; and it is further,

Ordered that the appellant is awarded one bill of costs.

The plaintiff commenced this action to recover damages, *inter alia,* for legal malpractice, alleging, in relevant part, that the appellant Joseph Bondi, a former partner in the defendant law firm, was liable for the law firm's negligent failure to commence a lawsuit against the plaintiff's former employer. However, in order to hold the appellant liable, the plaintiff must establish that he would have prevailed in the underlying action if the law firm had exercised reasonable care *(see, Kerson Co. v Shayne, Dachs, Weiss, Kolbrenner, Levy & Levine,* 45 NY2d 730; *Parksville Mobile Modular v Fabricant,* 73 AD2d 595, 599).

In support of his motion, the appellant offered documentary evidence and transcripts of pretrial depositions establishing that no viable causes of action could have been asserted against the plaintiff's former employer. In opposition, the plaintiff failed to submit factual support for his conclusory allegations that there were viable causes of actions. The plaintiff further alleged that he had been led to believe, apparently by the appellant's former partner, that a lawsuit had been brought against his former employer, resulting in a purported order of settlement, when in fact no action had ever been commenced and no settlement had been made. However, the plaintiff did not present any evidence that but for these alleged misrepresentations, he would have been successful in a lawsuit against his former employer *(see, Parksville Mobile Modular v Fabricant, supra,* at 599).

Accordingly, the appellant's motion for summary judgment dismissing the complaint as asserted against him should have been granted. Brown, J. P., Lawrence, Kooper and Rosenblatt, JJ., concur.