■ RICHARD A. FLINN, Appellant, v RAYMOND J. AAB, Respondent.—In an action, *inter alia,* to recover damages for legal malpractice, the plaintiff appeals from so much of an order of the Supreme Court, Suffolk County (Baisley, J.), entered July 5, 1989, as granted that branch of the defendant's motion which was for summary judgment dismissing the plaintiff's first cause of action.

Ordered that the order is affirmed insofar as appealed from, without costs or disbursements.

The plaintiff commenced this action, *inter alia,* to recover damages for legal malpractice, alleging in relevant part that the defendant Raymond J. Aab was liable for negligently failing to perfect an appeal from a judgment of the Supreme Court, New York County, which denied his petition pursuant to CPLR article 78 and dismissed the proceeding.

In order to hold the defendant liable, the plaintiff must establish that he would have prevailed in the underlying proceeding if the defendant had exercised reasonable care *(see, Kerson Co. v Shayne, Dachs, Weiss, Kolbrenner, Levy & Levine,* 45 NY2d 730; *Mahoney v Manfredi,* 166 AD2d 557; *Parksville Mobile Modular v Fabricant,* 73 AD2d 595). The plaintiff has failed to meet his burden of proving that but for the negligence of the defendant, his appeal to the Appellate Division, First Department, would have been successful.

With regard to the merits of the underlying proceeding, we note that ordinarily, the decision of the Board of Trustees as to the cause of an officer's disability will not be disturbed unless its factual findings are not supported by the evidence or its final determination and is arbitrary and capricious *(Matter of Canfora v Board of Trustees,* 60 NY2d 347, 351; *Matter of Drayson v Board of Trustees,* 37 AD2d 378, 380, *affd* 32 NY2d 852). Where, however, the Board of Trustees denies accidental disability benefits but grants ordinary disability benefits in consequence of a 6 to 6 tie vote, the petitioner is entitled to ordinary disability benefits based on a procedural

practice pursuant to *Matter of City of New York v Schoeck* (294 NY 559), and the decision of the Board of Trustees can be set aside on judicial review only if the courts conclude as a matter of law on the record that the disability was the natural and proximate result of a service-related accident *(Matter of Canfora v Board of Trustees, supra,* at 352; *see also, Matter of Hipple v Ward,* 146 AD2d 201, 207; *Matter of Quill v Ward,* 138 AD2d 305). Upon a review of the record, we find that the plaintiff has failed to establish that his disability due to thoracic outlet syndrome was causally related to the claimed line-of-duty injuries *(Matter of Christian v New York City Employees' Retirement Sys.,* 56 NY2d 841; *Matter of Drayson v Board of Trustees, supra,* at 380; *Matter of Hipple v Ward, supra,* at 206), or that the subsequent accidents aggravated or precipitated the development of a preexisting condition arising from prior line-of-duty injuries *(Matter of Tobin v Steisel,* 64 NY2d 254; *Matter of Hipple v Ward, supra,* at 208). Moreover, after a careful examination of the record, we are unpersuaded that the record does not provide a rational basis for the Medical Board's determination *(see, Matter of Miller v Ravitch,* 60 NY2d 527, 535-536; *Matter of Pell v Board of Educ.,* 34 NY2d 222, 223-232). Harwood, J. P., Balletta, Miller and O'Brien, JJ., concur.