■ VINCENT S. GONZALES, Appellant, v O'HAGEN & REILLY et al., Respondents.—In an action to recover damages for professional malpractice, the plaintiff appeals, as limited by his brief, from so much of an order of the Supreme Court, Suffolk County (Tanenbaum, J.), dated August 27, 1990, as denied the plaintiff's motion for partial summary judgment and granted the defendants' motion for summary judgment dismissing the complaint.

Ordered that the order is affirmed insofar as appealed from, with costs.

The plaintiff, an employee of the Long Island Rail Road Co. (hereinafter the LIRR), was injured while traveling to work on a LIRR train using a free pass. The plaintiff subsequently retained the defendants to commence an action on his behalf against the LIRR to recover damages for his personal injuries. The defendants initially commenced an action on behalf of the plaintiff in Federal court under the Federal Employees Liability Act (FELA). However, that action was dismissed since the plaintiff had not been injured during the course of his employment. The defendants then failed to timely commence a personal injury action in State court. Consequently, the plaintiff commenced the present legal malpractice action against the defendants.

On appeal, the plaintiff contends that the Supreme Court erred in denying his motion for partial summary judgment and granting the defendants' motion for summary judgment. We disagree. The defendants were properly granted summary judgment since the plaintiff would not have prevailed on a negligence claim against the LIRR (see, Flinn v Aab, 167 AD2d 507; Mahoney v Manfredi, 166 AD2d 557).

An employee of a railroad injured while traveling on his employer's train using a gratuitous pass, which contains a provision releasing the railroad from liability, is precluded from recovering against the railroad for his injuries (see, Hopkins v Long Is. R. R. Co., 21 AD2d 814; Montalbano v New York Cent. R. R. Co., 267 App Div 617, 620). In the instant case, the defendants presented sufficient proof to establish that the pass used by the plaintiff when injured was gratuitous and contained a provision releasing the LIRR from all liability for the plaintiff's injuries. Moreover, the plaintiff failed to present the requisite proof to raise an issue of fact as to whether the pass was gratuitous. Accordingly, the defendants were entitled to summary judgment having established that the plaintiff would not have prevailed in his action

against the LIRR because the pass was gratuitous and thus the release on the pass operated to release the LIRR from all liability.

We have considered the plaintiff's remaining contention and find it to be without merit. Thompson, J. P., Balletta, Ritter and Santucci, JJ., concur.