Charles V. Figaro, Appellant, v Connor & Corcoran et al., Respondents. [639 NYS2d 187] Memorandum: Plaintiff commenced this action to recover damages resulting from defendants' alleged negligence in failing properly to institute a CPLR article 78 proceeding. In that proceeding, plaintiff sought to challenge a determination of the New York State and Local Retirement Systems (Retirement Systems) denying his applications for accidental disability retirement (see, Retirement and Social Security Law § 363) and retirement for disability incurred in the performance of duty (see, Retirement and Social Security Law § 363-c). The CPLR article 78 petition was dismissed for lack of jurisdiction based upon the failure to indicate a return date in the petition and to serve respondents validly (Matter of Figaro v New York State & Local Retirement Sys., 203 AD2d 678, lv denied 84 NY2d 801).

Supreme Court properly granted defendants' motion for summary judgment dismissing the complaint. "In order to hold the defendant[s] liable, the plaintiff must establish that he would

have prevailed in the underlying proceeding if the defendant[s] had exercised reasonable care" (*Flinn v Aab*, 167 AD2d 507). The record establishes, however, that the underlying determination of the Retirement Systems is supported by substantial evidence and would have been confirmed in the CPLR article 78 proceeding (*see, Matter of Sledge v New York State Police & Firemen's Retirement Sys.*, 199 AD2d 944; *Matter of Valerioti v New York State Comptroller*, 186 AD2d 858; *Matter of Newman v New York State Police & Firemen's Retirement Sys.*, 186 AD2d 306, *lv denied* 81 NY2d 701). Defendants, therefore, cannot be held liable for legal malpractice based upon their alleged negligence in drafting and serving the CPLR article 78 petition (*see, Prestige Roofing & Siding Co. v Bivona*, 201 AD2d 713; *Flinn v Aab, supra*). (Appeal from Order of Supreme Court, Monroe County, Ark, J.—Summary Judgment.) Present— Green, J. P., Pine, Fallon, Doerr and Davis, JJ.