■ MARIANA ABRAMOVICH et al., Appellants, v STEPHEN HARRIS et al., Respondents. [643 NYS2d 811] —Order unanimously affirmed without costs. Memorandum: Supreme Court properly exercised its discretion in denying plaintiffs' motion for a default judgment in this legal malpractice action. Defendants promptly delivered the summons and complaint to their insurer and, when served with the motion papers seeking a default judgment, also promptly delivered those papers to their insurer. There is no proof that defendants deliberately defaulted, and the court did not abuse its discretion in accepting the negligence or inadvertence of the insurer as a reasonable excuse for the default (*see, Damselle, Ltd. v 500-512 Seventh Ave. Assocs.*, 184 AD2d 367; *Price v Polisner*, 172 AD2d 422; *Pickney v Wood*, 165 AD2d 949). To establish a prima facie case of legal malpractice, plaintiffs must establish that they would have been successful in the underlying action (*see, Albach v Manning & Mule*, 201 AD2d 601, *lv denied* 84 NY2d 803; *Gonzales v O'Hagen & Reilly*, 189 AD2d 801, *lv denied* 84 NY2d 810). Defendants submitted facts demonstrating lack of merit to the underlying action, and hence, the existence of a meritorious defense to the legal malpractice action.

We reject plaintiffs' contention that the doctrine of judicial estoppel bars defendants from challenging the merits of the underlying action. That doctrine "precludes a party who assumed a certain position in a prior legal proceeding and who secured a judgment in his or her favor from assuming a contrary position in another action simply because his or her interests have changed" (*Prudential Home Mtge. Co. v Neildan Constr. Corp.*, 209 AD2d 394, 395). Defendants were not parties to the prior action nor was judgment obtained in plaintiffs' favor in that action. (Appeal from Order of Supreme Court, Queens County, Dunkin, J.—Default Judgment.) Present—Pine, J. P., Fallon, Callahan, Balio and Davis, JJ.