■ In the Matter of the Estate of FRANCIS J. McGEOGH, Deceased. NANCY L. McGEOUGH et al., Appellants; ANDREA McGEOUGH, Respondent. [714 NYS2d 526] —In a discovery proceeding pursuant to SCPA 2103, *inter alia,* to recover the proceeds of the decedent's life insurance policies and an equitable share of the decedent's pension benefits, the petitioners appeal from an order of the Surrogate's Court, Suffolk County (Weber, S.), dated August 6, 1999, which granted the respondent's motion for summary judgment dismissing the petition and denied their cross motion for partial summary judgment on the claim to recover the proceeds of the decedent's life insurance policies.

Ordered that the order is modified, on the law, by deleting the provision thereof granting that branch of the respondent's motion which was for summary judgment dismissing so much

of the petition as sought to recover the proceeds of the decedent's life insurance policies and substituting therefor a provision denying that branch of the motion; as so modified, the order is affirmed, without costs or disbursements.

The petitioners are the four surviving children of the decedent, Francis J. McGeough, as well as the decedent's first wife, Nancy Lynn McGeough. The petitioner Nancy Lynn McGeough and the decedent entered into a separation agreement in 1984 containing a provision stating that the decedent agreed to designate her as trustee of his life insurance policies for the infant issue. Although the agreement is ambiguous as to whether the parties intended to include or exclude certain life insurance policies, the court concluded, as a matter of law, that because three of the children were emancipated at the time of the decedent's death, the decedent was no longer obligated to maintain life insurance policies for their benefit. We disagree.

Since issues of fact exist as to whether the decedent and his first wife intended to provide life insurance for the benefit of the children, regardless of whether they were emancipated, the court erred in granting that branch of the respondent's motion which was for summary judgment dismissing so much of the petition as sought to recover the proceeds of the decedent's life insurance policies (*see,* CPLR 3212 [b]; *Alvarez v Prospect Hosp.,* 68 NY2d 320, 324; *Sillman v Twentieth Century-Fox Film Corp.,* 3 NY2d 395, 404).

The respondent is, however, entitled to summary judgment with respect to the other claims asserted by the petitioners, including Nancy Lynn McGeough's claim to a share of the decedent's pension benefits. The respondent made out a prima facie case for summary judgment as a matter of law dismissing those claims. In opposition, the petitioners failed to produce evidentiary proof in admissible form sufficient to establish the existence of material issues of fact requiring a trial (*cf., Zuckerman v City of New York,* 49 NY2d 557, 562). Goldstein, J. P., McGinity, Luciano and Smith, JJ., concur.