■ Antonio Corso, Respondent, v David Jalosky et al., Appellants. [752 NYS2d 716] —In an action to recover damages for legal malpractice, the defendants appeal from an order of the Supreme Court, Kings County (Hubsher, J.), dated September 7, 2001, which, inter alia, denied their motion for summary judgment dismissing the complaint.

Ordered that the order is modified, on the law, by deleting the provision thereof denying that branch of the motion which was for summary judgment dismissing the first cause of action, and substituting therefor a provision granting that branch of the motion; as so modified, the order is affirmed, without costs or disbursements.

The defendants established their prima facie entitlement to judgment as a matter of law dismissing the plaintiffs' first

cause of action to recover damages for legal malpractice. To state a cause of action to recover damages for legal malpractice, the plaintiff must show that the defendant failed to exercise the skill commonly exercised by an ordinary member of the legal community, that such negligence was the proximate cause of damages, and that but for such negligence the plaintiff would have prevailed on the underlying action (*see Raphael v Clune, White & Nelson,* 201 AD2d 549). In a proceeding pursuant to CPLR article 78 to review a disability determination, the finding of the Medical Board of the New York City Employees' Retirement System will not be disturbed if it is based on substantial evidence, which has been construed to require some credible evidence (*see Matter of Borenstein v New York City Employees' Retirement Sys.,* 88 NY2d 756, 761; *Flinn v Aab,* 167 AD2d 507).

When examined in accordance with the applicable standards (*see Borenstein v New York City Employees' Retirement Sys., supra; Matter of Mangino v New York City Employees' Retirement Sys.,* 294 AD2d 578; *Matter of Barden v New York City Employees' Retirement Sys.,* 291 AD2d 215; *Matter of Dabney v New York City Employees' Retirement Sys.,* 256 AD2d 86), the administrative determination under review is supported by some credible evidence. Therefore, the Board of Trustees of the New York City Employees' Retirement System denial of accident disability retirement benefits for the plaintiff would have been confirmed in the CPLR article 78 proceeding. The defendant, therefore, cannot be held liable for legal malpractice based upon his alleged negligence in failing to timely commence such a proceeding (*see McGowan v Frankie,* 289 AD2d 382; *Zbryski v Kahn,* 276 AD2d 255; *Figaro v Connors & Corcoran,* 225 AD2d 1093). Thus, the Supreme Court erred in denying that branch of the defendants' motion which was for summary judgment dismissing the plaintiff's first cause of action.

The defendants' remaining contentions are without merit. Santucci, J.P., H. Miller, Schmidt and Townes, JJ., concur.