Matter of R.W. Burrows Grantor Family Trust (Lengvarsky) (2023 NY Slip Op 06633)

Matter of R.W. Burrows Grantor Family Trust (Lengvarsky)

2023 NY Slip Op 06633

Decided on December 22, 2023

Appellate Division, Fourth Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on December 22, 2023
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Fourth Judicial Department

PRESENT: SMITH, J.P., BANNISTER, OGDEN, GREENWOOD, AND DELCONTE, JJ.

868 CA 22-00967

[*1]IN THE MATTER OF THE R.W. BURROWS GRANTOR FAMILY TRUST MICHAEL L. LENGVARSKY, TRUSTEE OF THE R.W. BURROWS GRANTOR FAMILY TRUST, PETITIONER-APPELLANT; JI TING WANG-BURROWS, EVAN DREYFUSS, CAROLYN ZAKLUKIEWICZ, RESPONDENTS-RESPONDENTS; AVA BURROWS AND AUDREY BURROWS, APPELLANTS.

MCCARTER & ENGLISH, LLP, NEW YORK CITY (TIMOTHY M. FERGES OF COUNSEL), FOR PETITIONER-APPELLANT. 
BOUSQUET HOLSTEIN PLLC, SYRACUSE (CECELIA R.S. CANNON OF COUNSEL), FOR APPELLANTS. 
MCCARTHY FINGAR LLP, WHITE PLAINS (ROBERT H. ROSH OF COUNSEL), FOR RESPONDENTS-RESPONDENTS.

 Appeal from an order of the Surrogate's Court, Herkimer County (John H. Crandall, S.), entered May 24, 2022. The order, among other things, dismissed the petition. 
It is hereby ORDERED that the order so appealed from is unanimously modified on the law by denying the cross-motion insofar as it sought summary judgment dismissing the petition, reinstating the petition, and vacating that part of the order that denied as moot the cross-motion insofar as it sought leave to serve an amended and supplemental answer, and as modified the order is affirmed without costs and the matter is remitted to Surrogate's Court, Herkimer County, for further proceedings in accordance with the following memorandum: Petitioner commenced this proceeding pursuant to SCPA 2103 seeking discovery and delivery of certain assets that allegedly belong to the R.W. Burrows Grantor Family Trust (trust), which was established by R.W. Burrows (decedent) for the benefit of his daughters Ava Burrows and Audrey Burrows (beneficiaries) and was the subject of certain terms in the divorce settlement agreement between decedent and Marcia Burrows (Marcia), the guardian of the beneficiaries. Petitioner moved for, inter alia, partial summary judgment that a certain stock transaction did not constitute an equivalent exchange. By cross-motion, respondents subsequently sought, inter alia, leave to serve an amended and supplemental answer to assert the affirmative defenses of ratification and judicial estoppel with respect to the transaction challenged by petitioner, as well as summary judgment dismissing the petition on the grounds that petitioner ratified the subject transaction and that the petition was barred by the doctrine of judicial estoppel. Surrogate's Court denied petitioner's motion, effectively granted respondents' cross-motion insofar as it sought summary judgment dismissing the petition, and denied as moot the cross-motion insofar as it sought leave to serve an amended and supplemental answer. Petitioner and the beneficiaries separately appeal. Even assuming, arguendo, that the Surrogate properly considered unpleaded defenses because respondents' reliance thereon neither surprised nor prejudiced petitioner (see D & M Concrete, Inc. v Wegmans Food Mkts., Inc., 133 AD3d 1329, 1330 [4th Dept 2015], lv denied 27 NY3d 901 [2016]), we agree with petitioner and the beneficiaries for the reasons that follow that the Surrogate erred in granting the cross-motion insofar as it sought summary judgment (see generally Zuckerman v City of New York, 49 NY2d 557, 562 [1980]).
" 'Ratification is the act of knowingly giving sanction or affirmance to an act that would otherwise be unauthorized and not binding' " (Northland E., LLC v J.R. Militello Realty, Inc., 163 AD3d 1401, 1405 [4th Dept 2018] [emphasis omitted]). "Ratification requires 'full knowledge of the material facts relating to the transaction, and the assent must be clearly established and may not be inferred from doubtful or equivocal acts or language' " (Rocky Point Props. v Sear-Brown Group, 295 AD2d 911, 913 [4th Dept 2002]). Here, we conclude that respondents' own submissions failed to eliminate triable issues of fact whether petitioner ratified the transaction that allegedly caused the trust to lose value (see generally Adirondack Bank v Midstate Foam & Equip., Inc., 159 AD3d 1354, 1356 [4th Dept 2018]) and, in any event, petitioner raised questions of fact in opposition to the cross-motion (see generally Robbins v Tucker Anthony Inc., 233 AD2d 854, 855 [4th Dept 1996]).
Next, "[t]he doctrine of judicial estoppel provides that where a party assumes a position in a legal proceeding and succeeds in maintaining that position, that party may not subsequently assume a contrary position because [the party's] interests have changed" (Jones v Town of Carroll, 177 AD3d 1297, 1298 [4th Dept 2019] [internal quotation marks omitted]). " 'The doctrine applies only where the party secured a judgment in [their] favor in the prior proceeding' " (Borrelli v Thomas, 195 AD3d 1491, 1494-1495 [4th Dept 2021]). We conclude that the Surrogate erred in applying the doctrine because, contrary to the Surrogate's determination that petitioner and Marcia each agreed to the subject valuation related to the transaction as part of the divorce settlement agreement, petitioner was not a party to the matrimonial action or divorce settlement agreement (see Abramovich v Harris, 227 AD2d 1000, 1001 [4th Dept 1996]) and, as a general rule, which is applicable here, " 'a settlement does not constitute a judicial endorsement of either party's claims or theories and thus does not provide the prior success necessary for judicial estoppel' " (Matter of Costantino, 67 AD3d 1412, 1413 [4th Dept 2009]).
We therefore modify the order by denying the cross-motion insofar as it sought summary judgment dismissing the petition and by reinstating the petition. In light of our determination, we further modify the order by vacating that part of the order that denied as moot the cross-motion insofar as it sought leave to serve an amended and supplemental answer, and we direct Surrogate's Court to determine that part of the cross-motion on the merits upon remittal (see Weiss v Zellar Homes, Ltd., 169 AD3d 1491, 1495 [4th Dept 2019]). Finally, contrary to petitioner's contention, we conclude that the Surrogate did not err in denying his motion insofar as it sought partial summary judgment (see generally Matter of Graeve, 113 AD3d 983, 983-984 [3d Dept 2014]; Matter of McGeogh, 276 AD2d 700, 700-701 [2d Dept 2000]).
Entered: December 22, 2023
Ann Dillon Flynn
Clerk of the Court