Capitol Hill 505 Assoc., LLC v Capital Hotel JV LLC
2026 NY Slip Op 03504
June 4, 2026
Appellate Division, First Department
Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.
This decision is uncorrected and subject to revision before publication in the Official Reports.

Capitol Hill 505 Associates, LLC, Plaintiff-Respondent,
v
Capital Hotel JV LLC, Defendant-Appellant, Feil Capital Hotel LLC, Defendant.

Decided and Entered: June 04, 2026
Index No. 654052/23|Appeal No. 6801-6802-6803|Case No. 2025-06373 2025-06403 2025-06380|
Before: Scarpulla, J.P., Shulman, Higgitt, O'neill Levy, Chan, JJ.

Greenberg Traurig, LLP, New York (Steven Sinatra of counsel), for appellant.
Feldman Smith LLP, White Plains (Richard B. Feldman of counsel), for respondent.

[*1]
Order Supreme Court, New York County (Andrew Borrok, J.), entered September 11, 2025, which denied defendants' motion to dismiss the second amended complaint, unanimously affirmed, with costs. Appeal from order and supplemental order, same court and Justice, each entered on October 7, 2025, which, to the extent appealed from as limited by the briefs, granted defendant Capital Hotel JV LLC d/b/a BLDG-MV's (BLDG) motion to dismiss the first amended complaint, without prejudice and granted plaintiff's motion for leave to file an amended complaint, unanimously dismissed, without costs, as academic.
In this declaratory judgment action, the parties are investors who arranged for the purchase of a hotel. Plaintiff asserts that defendant BLDG issued capital calls in a manner inconsistent with an operating agreement for the entity formed to purchase the hotel. Section 3.3.1 of the operating agreement for nonparty Capital Hotel Parent LLC provided that BLDG could issue a capital call if, among other things, it determined that the "Company requires additional capital . . . and in any of such events such Additional Capital cannot be obtained from any Third-Party Loan." The agreement defined "Third-Party Loan" as a "loan providedto the Company or Property Owner by a Third-Party Lender," and "Third Party Lender" was defined as "any third-party lender (i.e., any lender other than any Member or any Affiliate of a Member) providing financing to the Company or Property Owner. As of the date hereof, Initial Lender is a Third Party Lender."
In the second amended complaint, plaintiff asserts that BLDG issued capital calls without first seeking a Third-Party Loan, and that BLDG's actions have materially affected its distributions. The court properly denied defendants' motion to dismiss the second amended complaint because Section 3.3.1 may be interpreted to mean that a "Third-Party Lender" be any lender, not simply the existing lender — and that Section 3.3.1 required BLDG to seek a loan, or a modification or forbearance under its existing loan, or show that it could not obtain Additional Capital before issuing its capital calls (see MAK Tech. Holdings Inc. v Anyvision Interactive Tech. Ltd., 42 NY3d 570, 572 [2024]).
Defendants failed to establish as a matter of law that plaintiff's interpretation of the contract provisions is incorrect. Thus, a justiciable controversy exists concerning the proper interpretation of the contract provisions. Defendants also failed to establish that a declaratory judgment would not be warranted, as a finding as to the proper interpretation of the contract provisions could resolve BLDG's present and future obligations with respect to distributions (see Thome v Alexander & Louisa Calder Found., 70 AD3d 88, 99 [1st Dept 2009], lv denied 15 NY3d 703 [2010]).
[*2]
Moreover, the record on this motion to dismiss is insufficient to establish as a matter of law that plaintiff knowingly or intentionally sanctioned the capital calls and thus ratified the allegedly improper capital calls (see Matter of R.W. Burrows Grantor Family Trust [Lengvarsky], 222 AD3d 1389, 1390-1391 [4th Dept 2023]).
THIS CONSTITUTES THE DECISION AND ORDER OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: June 4, 2026